**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2635
_____

TONY LEE MUTSCHLER,
                                        Appellant

v.

CO CORBY; JOHN DOE; BRENDA TRITT;
CAPTAIN S. DOWNS, Facility Security Capt.;
JOHN DOE 2; Supt. MILLER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-00327)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2021
Before:  JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 9, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Tony Lee Mutschler appeals an order from the Middle District of Pennsylvania granting summary judgment in favor of the defendant. For the reasons that follow, we will affirm the judgment of the District Court.

In 2016, Mutschler filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleged that in July 2014, when he was incarcerated at the State Correctional Institution at Frackville, corrections officers used excessive force against him in violation of the Eighth Amendment. During a search of his cell in the restricted housing unit, Mutschler questioned the removal of certain items and officers took him to the showers while they completed the search. As Mutschler entered the shower, one of the officers "spun" him, he lost his balance, and he took a step out of the shower area to steady himself. Another officer—CO Corby—thought Mutschler was trying to leave the shower area, grabbed him, and shoved him backward. Mutschler fell and hit his head. He was treated by the medical staff for an abrasion to the left side of his forehead.

After the District Court dismissed numerous defendants from the action, only CO Corby remained. The parties conducted discovery and, following an extension of time to file dispositive motions after its close, Corby moved for summary judgment in September 2019. Mutschler filed a motion for extension of time nunc pro tunc and was given until December to file a motion in opposition. In February 2020, Mutschler filed his own motion for summary judgment, rather than an opposition to defendant's motion. Corby

2

moved to strike Mutschler's motion as untimely and nonconforming to the local rules. In an opinion and separate order entered June 5, 2020, the District Court struck Mutschler's motion and granted summary judgment in favor of Corby. Mutschler filed a facially untimely notice of appeal in August 2020; we remanded to the District Court for consideration of the notice of appeal as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). The District Court granted that motion and Mutschler filed a timely amended notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of orders granting motions for summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriately entered only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

An Eighth Amendment claim such as Mutschler's has an objective and subjective component. Hudson v. McMillian, 503 U.S. 1, 8 (1992). The defendant must act with a "sufficiently culpable state of mind," and the conduct must be objectively harmful enough to violate the Constitution. Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). In

3

evaluating the subjective component of an excessive force claim, the Court should consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Ricks v. Shover, 891 F.3d 468, 480 (3d Cir. 2018) (citations omitted). "[Not] every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9–10 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). In addressing the objective component of an Eighth Amendment claim, the question is whether the injury was more than de minimis. Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000).

We agree with the District Court that the undisputed facts of this case show that CO Corby used a minimal amount of force in good faith, and without malicious or sadistic motive. Moreover, the injury to Mutschler was de minimis. His assertion that he lost consciousness and suffered a concussion, see, e.g., Dep. 46, ECF No. 63-1, is not supported by the medical records. He was treated only for an abrasion on his forehead. Although the records show that he was "educated on signs [and] symptoms of concussion," ECF No. 62-2 at 4, no evidence suggests that he was diagnosed as having suffered a concussion and the records state clearly: "No other injury noted to head. [Mutschler] denied injury to other parts of body," id. at 5. Accordingly, Mutschler's appeal fails to present a substantial question.

4

For the foregoing reasons, we will affirm the judgment of the District Court.[1]

---

[1] To the extent Mutschler also challenges the District Court's decision to strike his motion for summary judgment, we conclude that the District Court did not abuse its discretion. "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court. . . . We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (citations and internal quotation marks omitted). As the District Court explained, Mutschler's filing was untimely, whether construed as his own motion for summary judgment or an opposition to Defendants' motion, despite his having been granted two extensions. Even considering Mutschler lacked access to writing materials through December 2020, that does not explain his delay in filing until February 2021. Moreover, Mutschler was not substantially prejudiced by the decision, as his motion did not contain evidence sufficient to refute any of the factual allegations or legal arguments contained in Defendant's motion. As such, the District Court did not abuse its discretion in striking the motion. Furthermore, we also deny Mutschler's motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155–56 (3d Cir. 1993).